FILED
2011 Jan-31 PM 04:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| CHARLES E. HARRIS, II, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ]   7:10-CV-01229-LSC |
| | ] |
| UNITED STATES OF AMERICA, | ] |
| *et al.*, | ] |
| | ] |
| Defendants. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

Defendant United States of America filed the pending motion (Doc. 17) to dismiss the individual defendants in Plaintiff's amended complaint. (Doc. 15.) In his complaint, Plaintiff Harris alleges that U.S. Marshals committed various tortious acts and violated his constitutional rights. (Doc. 15 at 6-11.) He initially named the United States and four unknown U.S. Marshals as defendants. (Doc. 1.) Plaintiff's amended complaint—dated December 14, 2010—adds six named U.S. Marshals. (Doc. 15.) Defendants move to dismiss the named marshals on grounds that none had "notice of this action within

the statutory limitations period." (Doc. 21 at 2.) The issues raised in the United States' motion are now ripe for decision. After considering the presented legal arguments and evidence, the motion is due to be granted.

II.     Facts.[1]

On June 16, 2008, the U.S. Marshals stopped Harris's Dodge Durango, removed him from his truck, and detained him for several minutes. Harris then filed this action on May 12, 2010, about a month before the limitations period expired. Harris named "Unknown United States Marshals #1, #2, #3, and #4." as defendants. (Doc. 1.) On December 14, 2010, he added claims against Mark Carney, David Youngblood, Brian Maxwell, David Kingsbury, Christopher Brinson, and William Hallman in their individual and official capacities. (Doc. 15.)

III.    Standard of Review.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to

---

[1]Unless otherwise indicated, the facts are taken from Plaintiff's Amended Complaint. (Doc. 15.)

dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas Cnty*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007).[2] But the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

---

[2]In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). *Bell Atl. Corp.*, 550 U.S. at 560-63. The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563.

of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 570. Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.*

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). And "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, the U.S. Supreme Court suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where

there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1950). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1951-52). However, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997).

III. Analysis.

The United States initially argued that the Federal Tort Claims Act ("FTCA") permitted an action against it, not employees in their official capacities. (Doc. 17 at 3.) But Harris brings his claims against the marshals in their individual capacities, citing *Bivens v. Six Unknown Names*, 403 U.S. 388 (1971). The United States now argues that the limitations period has

expired and that Alabama law does not allow Plaintiff's claims to relate back before the period expired. (Doc. 21 at 2.)

"The state personal injury statute of limitations period obtains in the context of *Bivens* actions." *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998). Alabama provides a two-year statute of limitations in this context. Ala. Code. § 6-2-38. The parties do not dispute that the claims accrued on June 16, 2008. Nor do the parties dispute that Harris added claims against the individual marshals on December 14, 2010. Rather, Harris contends that the claims against the specifically-named U.S. Marshals relate back under Federal Rule of Civil Procedure ("FRCP") 15(c) to the original filing. (Doc. 20 at 2.)

Replacing a fictitiously named party with a specifically named one constitutes a change in the parties sued and falls under FRCP 15(c)(1)(C). *See Wayne v. Jarvis*, 197 F.3d 1098, 1102 (11th Cir. 1999), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). FRCP 15(c)(1)(C) allows an amendment changing "the party or the naming of the party against whom a claim is asserted" to relate back to the original pleading if the amendment meets two criteria:

> [1] the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; and
> [2] if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment . . . received such notice of the action that it will not be prejudiced in defending on the merits and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FRCP 15(c)(1)(C).

Neither party disputes that all claims against all defendants arose out of the same June 16, 2008 incident.  The United States argues that Harris fails to meet the second criterion: "None of the previously unknown deputies had notice of this action . . . ."  (Doc. 21 at 2.)  Harris contends that he meets the second criterion: "[T]he U.S.A. received service of the original complaint."  (Doc. 20 at 2.)

But Harris cannot use Rule 15(c)(1)(C), which requires a plaintiff's "mistake concerning the proper party's identity." FRCP 15(c)(1)(C)(ii). The Eleventh Circuit "do[es] not read the word 'mistake' to mean 'lack of knowledge.'" *Wayne*, 197 F.3d at 1098.  As Harris's original complaint states, "[the marshals'] true specific names and identities are not currently known or knowable. . . ."  (Doc. 1 at 2.)  And so Harris cannot use Rule

15(c)(1)(C) to substitute named U.S. Marshals for fictitiously named U.S. Marshals because lack of knowledge rather than any formal mistake necessitated the change. (Doc. 20 at 2.)

Though Rule 15(c)(2) provides an alternative to Rule 15(c)(1)(C), "[w]hen the United States or a United States officer or agency is added as a defendant," it too fails to help Harris. First, Harris brings his claims against the marshals in their individual capacities, not their official capacities as United States officers. Second, the Rule 15(c)(2) alternative still requires a "mistake concerning the proper party's identity." Rule 15(c)(1)(C)(ii). Harris, as shown, has not made the required mistake.

Thus, Rule 15(c)(1)(A) remains Harris's only option. Rule 15(c)(1)(A) allows an amendment to relate back if "the law that provides the applicable statute of limitations allows relation back." The United States contends that the Alabama statute of limitations does not allow relation back here. Though jurisdiction stems from the FTCA, Alabama law provides the applicable time period and, thus, the substantive law governing relation-back and fictitious parties. *See* Fed. R. Civ. P.15 advisory committee notes on 1991 Amendments; *Saxton v. ACF Industries*, 254 F.3d 959, 963 (2001).

Alabama law allows fictitious parties. Ala. R. Civ. P. § 9(h).  As the Eleventh Circuit has stated regarding Alabama law, plaintiffs can amend parties and have the amendment relate back to original filing, satisfying the statute of limitations, if they meet the following: (1) the original complaint adequately described the fictitious defendant; (2) the original complaint stated a claim against the fictitious defendant; (3) the plaintiff was ignorant of the true identity of the defendant; and (4) the plaintiff used due diligence to discover the defendant's true identity.  *Saxton*, 254 F.3d 959, 965 (11th Cir. 2001).  The United States contends that Harris "did not accurately describe the officers involved and each officer's involvement; nor did he make any effort in the two year period to identify the officers." (Doc. 21 at 3.)  Harris makes no argument under the Alabama relation-back doctrine.

Harris named four fictitious defendants in his original complaint.  He now—seven months later—amends to add six names.  His original complaint describes the collective actions that four marshals took against him on June 16, 2008.  (Doc. 1 at 7.)  Harris alleged all of his claims against the "Defendants, Marshals."  (Doc. 1 at 7.) He further alleged that "[t]heir true

specific names and identities are not currently known or knowable . . ." (Doc. 1 at 2.)  Taken as true, this allegation suffices to show Harris's ignorance under element three above.  But, even assuming that alleging collective action by a four person group adequately describes and states claims against six individuals, Harris must still show his due diligence in endeavoring to discover the identities of his four fictitious defendants.

He cannot.  Harris discovered the identities of the marshals "via Defendant's initial disclosures."  (Doc. 14 at 1.)  Defendant filed its initial disclosures over three weeks before Harris's motion to amend.  (Doc. 7.)  He filed his motion to amend on December 10, 2010, seven months after Harris filed his case.  Instead of waiting until the initial disclosures, Harris could have sought court-ordered access under FRCP 45 before the two-year statute of limitations ran in June 2010, rendering a relation-back analysis unnecessary.  He could have amended his complaint sooner after gaining the information.  But he did not.  He named everyone from the United States Marshal Service listed in the United States' initial disclosures, regardless of whatever role they might have played.  His new complaint does not make particular allegations against any named marshals.  He alleges that everyone

from the Marshal's Service acted as one. Nothing indicates Harris's diligent attempt to discover the marshal's real names and individual conduct.

Without showing due diligence under Alabama law, Harris's amendments do not relate back under FRCP 15(c)(1)(A). Neither can he evidence the necessary mistake in identity to have his amendments relate back under Rule 15(c)(1)(C). His amendments do not relate back. The statute of limitations ran in June 2010. His claims against the six individual marshals are thus untimely.

IV.  Conclusion.

For the reasons stated above, the United States' motion to dismiss the individual defendants (Doc. 17) is granted. A separate order conforming with this opinion will be entered.

Done this 31ˢᵗ day of January 2011.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
159890